UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:06-CR-88 |
| vs. | ) | |
| | ) | |
| ERVIN MOORE | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

The Court entered an order on October 16, 2006, granting a motion for psychiatric evaluation pursuant to 18 U.S.C. §§4241 and 4247 (Doc. 15). A Psychological Evaluation was received by the undersigned Magistrate Judge on January 23, 2007. As of February 12, 2007, neither counsel has filed a motion requesting the evaluation be placed under seal. Therefore, the Clerk of the Court shall place the psychological evaluation in the court file.

The parties stipulate to the contents of the Psychological Evaluation. The evidence before the Court is the evaluation of Lisa Bellah, Ph.D., Licensed Psychologist - Primary Evaluator, Marti Carlson, Psy.D., Chief of Psychology Services - Reviewer, and Robert Johnson, Ph.D., Licensed Psychologist - Peer Reviewer at the Federal Medical Center in Fort Worth, Texas. "Although results from defendants' testing suggests a strong likelihood of malingering and exaggeration of symptoms, there is some evidence in his background to suggest true cognitive deficits and potential psychotic symptoms that could potentially interfere with his current ability to proceed in his case." (Psychological Evaluation at 11). The Forensic Staff found defendant may truly be suffering "from a lower intellectual ability that is currently impeding his ability to adequately understand the nature and consequences of the proceedings against him and to assist in his own defense. Therefore, a transfer to a Medical Referral Center

1

(MRC) for an attempt at Competency Restoration is recommended at this time." (Psychological Evaluation at 11).

When the question of competency is raised, the government has the burden of proving competency by a preponderance of the evidence. *United States v. Teague*, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991), *cert. denied*, 506 U.S. 932 (199); *United States v. Velazquez*, 885 F.2d 1076, 1089 (3rd Cir. 1989), *cert. denied*, 494 U.S. 1017 (1990); *Lowenfield v. Phelps*, 817 F.2d 285, 294 (5th Cir. 1987), *aff'd*, 484 U.S. 231 (1988). In this case, the government states it believes the defendant is competent and is malingering, however, the government does not have an objection to the recommendation that defendant be transferred to a Medical Referral Center (MRC) for a competency restoration. Because the only evidence before the Court is the report which concludes defendant is not competent, the Court therefore finds by the preponderance of the evidence that defendant Ervin Moore is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense, and therefore RECOMMENDS the District Court find him to be incompetent at the present time.

It is further RECOMMENDED[1]:

(1) The Court commit the defendant to the custody of the Attorney General pursuant to 18 U.S.C. §4241(d).

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

(2) The Attorney General hospitalize the defendant for treatment in a suitable facility:

    A. For a reasonable period of time not to exceed four (4) months as is deemed necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed, and

    B. For an additional reasonable period of time until:

        1. Defendant's mental condition is so improved that the trial may proceed if the Court finds there is a substantial probability that within such an additional period of time he will attain the capacity to permit the trial to proceed, or

        2. The pending charges against defendant are disposed of according to law, whichever is earlier.

    C. The initial report was performed at the Federal Medical Center in Fort Worth, Texas. It is therefore recommended that the Court request that defendant be transferred to a Medical Referral Center (MRC) for an attempt at Competency Restoration.

(3) The defendant be transported by the United States Marshal Services to the designated facility and to notify the Court upon his return.

                                      s/William B. Mitchell Carter
                                      UNITED STATES MAGISTRATE JUDGE